# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: August 29, 2019
Refiled in Redacted Form: September 24, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| A.H., | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-934V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Motion for Dismissal Decision; Meningo- |
| AND HUMAN SERVICES, | * | coccal; Tetanus-Diphtheria-acellular |
| | * | Pertussis ("DTaP"); Human Papillomavirus |
| Respondent. | * | ("HPV"); Varicella; Autoimmune Dys- |
| | * | Autonomia; Postural Orthostatic Tachy- |
| * * * * * * * * * * * * | | cardia Syndrome ("POTS"). |

Robert J. Krakow, Law Office of Robert J. Krakow, P.C., New York, NY, for petitioner.
Colleen C. Hartley, United States Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On August 3, 2016, A.H. ("petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that she suffered autoimmune dysautonomia, postural orthostatic tachycardia syndrome ("POTS"), and other conditions and injuries as a result of meningococcal and tetanus-diphtheria-acellular pertussis ("DTaP") vaccines that she received on August 5, 2013. *Id.* Petitioner further alleges that those injuries were caused and/or significantly aggravated by human papillomavirus ("HPV") and varicella vaccines that she received on August 5, 2014. *Id.* The information in the record, does not establish entitlement to compensation.

On August 28, 2019, petitioner filed a motion for a decision dismissing the petition. Petitioner's Motion ("Pet. Mot.") (ECF No. 95). Petitioner avers that a full investigation has

---

[1] When this opinion was originally filed, I advised the parties of my intent to post it on the website of the United States Court of Federal Claims (http://www.uscfc.uscourts.gov/aggregator/sources/7), in accordance with the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012). In accordance with Vaccine Rule 18(b), petitioner timely filed a motion to redact certain information, which I granted. This decision is being reissued with minimal changes, namely the redaction of petitioner's name to initials in the case caption and in the first line of the decision. Other than those changes and this footnote, no other substantive changes have been made. This decision will be posted on the Court's website with no further opportunity to move for redaction.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

demonstrated that she will be unable to prove that she is entitled to compensation in the Vaccine Program. *Id.* at ¶ 1. "In these circumstances, to proceed further would be unreasonable and would waste the resources of the Court, the respondent, the petitioner, and the Vaccine Program." *Id.* at ¶ 2. Petitioner understands that a decision by the special master dismissing her petition will result in a judgment against her and that such a judgment will end all of her rights in the Vaccine Program. *Id.* at ¶ 3. Petitioner understands that she may apply for fees and costs once the case is dismissed and judgment is entered against her. *Id.* at ¶ 4. Respondent expressly reserves the right to question the good faith and reasonable basis of this claim and to oppose, if appropriate, petitioner's application for fees and costs. Respondent otherwise does not oppose the motion. Petitioner intends to protect her rights to file a civil action in the future. Therefore, pursuant to Section 21(a)(2), petitioner intends to elect to reject the Vaccine Program judgment and elect to file a civil action. *Id.* at ¶ 5.

To receive compensation in the Vaccine Program, petitioner has the burden of proving either: (1) that petitioner suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table (a "Table injury") or (2) that petitioner suffered an injury that was caused-in-fact by a covered vaccine. §§ 13(a)(1)(A); 11(c)(1). Moreover, under the Vaccine Act, the Vaccine Program may not award compensation based on petitioner's claims alone. Rather, petitioner must support the claim with either medical records or the opinion of a competent medical expert. § 13(a)(1). In this case, petitioner has not alleged nor does the record reflect a Table injury. With regard to an off-Table injury, petitioner has not provided medical records or expert opinion(s) which support a finding of entitlement. Accordingly, petitioner has not met her burden of proof.

**Thus, petitioner's motion is GRANTED. This matter is DISMISSED for insufficient proof. The Clerk of the Court shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).