# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 23, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| A.H., | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-934V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Petitioner's Motion for Redaction. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Robert J. Krakow, Law Office of Robert J. Krakow, P.C., New York, NY, for petitioner.
Colleen C. Hartley, United States Department of Justice, Washington, DC, for respondent.

### ORDER GRANTING PETITIONER'S MOTION FOR REDACTION[1]

On September 2, 2019, petitioner filed a motion to redact the August 29, 2019 decision dismissing petitioner's claim. Petitioner's Motion for Redaction ("Pet. Mot. Redact.") filed August 29, 2019 (ECF No. 97). For the foregoing reasons, petitioner's motion is **GRANTED.**

## I.   Relevant Procedural History

On August 3, 2016, A.H. ("petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that she suffered autoimmune dysautonomia, postural orthostatic tachycardia syndrome ("POTS"), and other conditions and injuries as a result of meningococcal and tetanus-diphtheria-acellular pertussis ("DTaP")

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id*. **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id*.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 *et seq*. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

vaccines that she received on August 5, 2013.  *Id.*  Petitioner further alleged that those injuries were caused and/or significantly aggravated by human papillomavirus ("HPV") and varicella vaccines that she received on August 5, 2014.  *Id.*

On August 28, 2019, petitioner filed a motion for a decision dismissing the petition.  Petitioner's Motion for Dismissal ("Pet. Mot. Dismiss.") (ECF No. 95).  On August 29, 2019, I issued a decision in accordance with that motion.  Decision (ECF No. 96).

On September 2, 2019, petitioner filed a motion to reduce her name to initials in the case caption and in the first line of the decision.  Pet. Mot. Redact.  Petitioner avers that the record contains objective evidence of the abnormal physiological conditions which she alleged were caused by the vaccines she received.  Petitioner avers that the record also contains objective evidence of psychosocial stress.  Public disclosure of the decision linked to petitioner, either in actuality or the mere risk thereof, would exacerbate her psychosocial stress.  Petitioner avers that her right of privacy is not outweighed by a public interest.  Therefore, public disclosure of the decision linked with her name would constitute a clearly unwarranted invasion of privacy.

On September 3, 2019, respondent filed a response outlining the standards for a motion for redaction and concluding: "Respondent does not believe it is appropriate to advocate in favor of disclosure of a petitioner's information in any particular case, including this one, but rather defers to the special master's judgment as to whether petitioner's Motion should be granted, applying the analytical framework discussed above."  Resp. Response filed September 3, 2019 (ECF No. 99).  That same day, petitioner filed a reply.  Pet. Reply filed September 3, 2019 (ECF No. 100).

This matter is now ripe for adjudication.

## II.   Discussion

A motion for redaction is governed by the Vaccine Act, section 12(d)(4)(B), which provides that information concerning "medical files and other files" may redacted if its disclosure "would constitute a clearly unwarranted invasion of privacy."  *Id.*  What constitutes a "clearly unwarranted invasion of privacy" requires balancing petitioner's "right of privacy against the public purpose of the Vaccine Act."  *W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440, 460 (2011).  While a petitioner has an interest in keeping private sensitive medical or other embarrassing information, the public has an interest in disclosure so as to increase public awareness of vaccine and medical conditions they may or may not cause.  *Id.* at 461.  In other words, sensitive information is often the subject of the litigation, and "in cases where sensitive information is the subject of the dispute, that information is routinely disclosed, to enable the reader to follow and understand the decision maker's rationale."  *Castagna v. Sec'y of Health & Human Servs.*, 2011 WL 4348135, *13 (Fed. Cl. Spec. Mstr. Aug. 25, 2011).

However, in *W.C.*, the Federal Circuit held that disclosure of a petitioner's name is not necessary to effectuate the underlying purpose of the Vaccine Act's public disclosure requirements.  In *W.C.*, the court concluded that while disclosure of information linking petitioner to his injury does not necessarily constitute an "*unwarranted* invasion of privacy," "where [t]here is no relevant public purpose to be weighed against [a] threatened invasion[,] . . .

*any* invasion of privacy threatened by disclosure . . . is 'clearly unwarranted.'" *W.C.*, 100 Fed. Cl. at 461 (emphasis original) (quoting *Federal Labor Relations Auth. V. United States Dep't of Veterans Affairs*, 958 F.2d 503, 513 (2nd Cir. 1992)).

It is also noted that the Vaccine Rules requires the redaction of a minor's name. In contrast, an adult petitioner's name is not automatically redacted, but may be redacted if the petitioner establishes proper grounds for doing so. *See R.V. v. Sec'y of Health & Human Servs.*, No. 08-504V, 2016 WL 3776888, at *2 (Fed. Cl. Spec. Mstr. May 10, 2016) ("[A] petitioner needs to make some showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call.") In cases such as this, where the petitioner makes a specialized showing in support of redaction, I will grant that request.

Petitioner has made an adequate showing, based on the particular facts and circumstances of this case, for redacting petitioner's full name to initials. **Accordingly, petitioner's motion for redaction is GRANTED.**

Thus, the public version of the decision dismissing petitioner's claim shall be redacted to include only petitioner's initials, A.H. **Moreover, the Clerk of the Court is directed to amend the case caption[3] to the following:**

```
* * * * * * * * * * * *
A.H.,                        *
                             *
          Petitioner,        *        No. 16-934V
                             *
v.                           *        Special Master Gowen
                             *
SECRETARY OF HEALTH          *
AND HUMAN SERVICES,          *
                             *
          Respondent.        *
* * * * * * * * * * * *
```

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] If either party objects to the redaction of the case caption, a motion requesting reconsideration of that action may be filed.