# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 19, 2020

```
*   *   *   *   *   *   *   *   *   *   *   *   *
A.H.,                                         *          UNPUBLISHED
                                              *
                 Petitioner,                  *          No. 16-934V
                                              *
v.                                            *          Special Master Gowen
                                              *
SECRETARY OF HEALTH                           *          Attorneys' Fees and Costs;
AND HUMAN SERVICES,                           *          Voluntary Dismissal.
                                              *
                 Respondent.                  *
*   *   *   *   *   *   *   *   *   *   *   *   *
```

*Robert J. Krakow,* Law Office of Robert J. Krakow, New York, NY, for petitioner.
*Colleen C. Harley*, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 28, 2019, A.H. ("petitioner"), filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorneys' Fees ("Fees App.") (ECF No. 106).  For the reasons discussed below, I **GRANT** petitioner's motion for attorneys' fees and costs and award a total of $102,297.08.

### I.      Procedural History

On August 3, 2016, A.H. ("petitioner") filed a petition pursuant to National Vaccine Injury Compensation Program.[2]  Petition (ECF No. 1).  Petitioner alleged that she suffered autoimmune dysautonomia, postural orthostatic tachycardia syndrome ("POTS"), and other conditions and

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  **This means the opinion will be available to anyone with access to the Internet.**  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  An objecting party must provide the court with a proposed redacted version of the opinion. *Id.*  **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.**  *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. §300aa of the Act.

injuries as a result of meningococcal and tetanus-diphtheria-acellular pertussis ("DTaP") vaccinations that she received on August 5, 2013. *Id*. Petitioner further alleged that those injuries were caused and/or significantly aggravated by human papillomavirus ("HPV") and varicella vaccinations that she received on August 5, 2014. *Id*.

On August 28, 2019, petitioner filed a motion for a decision dismissing the petition. Pet. Mot. (ECF No. 95). On August 29, 2019, I granted petitioner's motion and dismissed the claim for insufficient proof. Decision (ECF No. 96).

On October 28, 2019, petitioner filed an application for attorneys' fees and costs. Fees App. Petitioner requests $88,127.75 in attorneys' fees and $14,169.33 in costs, for a total request of $102,297.08. Fees App. at 31. Petitioner includes a signed statement averring that she did not personally incur any costs or pay any retainer to counsel pursuant to General Order Number 9. Fees App., Attachment 5.

On October 28, 2019, respondent filed a response which provides: "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's ("Resp.") Response (ECF No. 107) at 4. That same day, petitioner filed a reply in which she respectfully relies on the facts, law, and arguments presented in the underlying motion. Pet. Reply (ECF No. 108). This matter is now ripe for adjudication.

## II.    Legal Standard

Under Section 15(e) of the Vaccine Act, a special master "may" award reasonable attorneys' fees and costs "if the special master determines that the petition was brought in good faith and there was a reasonable basis for which the petition was brought" even when a petition does not result in compensation for petitioner. 42 U.S.C. § 300aa-15(e)(1).

The Vaccine Act permits an award of "reasonable" attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines the reasonable hourly rate, which is then applied to the number of hours reasonably expended on the litigation. *Id*. at 1347-58 (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id*. at 484 n.1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008). Special masters may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the

billing records is not required.  *Wasson*, 24 Cl. Ct., *aff'd in relevant part*, 988 F.2d 131 (Fed Cir. 1993) (per curiam).

### III.    Analysis

I find no reason to doubt the good faith and reasonable basis for which the claim was brought.  Petitioner asserted that she suffered autoimmune dysautonomia, POTS, and other injuries as result of the vaccinations received on August 5, 2013, as well as the vaccinations received on August 5, 2014.  Petition at Preamble.  The medical records reflected a constellation of symptoms at various times post-dating the vaccinations.  Petitioner retained a medical expert with specific expertise in autonomic and neurologic disorders, Dr. Svetlana Blitshteyn, who opined in support of vaccine causation.  Ex. 35.  Respondent retained an expert with similar qualifications.  Ex. A.  I raised questions for both parties to address by way of supplemental expert reports.  Scheduling Order filed September 12, 2018 (ECF No. 65).  Petitioner's expert submitted a supplemental report.  Ex. 53.  Respondent continued to litigate the case and retained a second expert with a different clinical specialty.  Exs. C, D.  Ultimately, petitioner determined that she would not be able to prove her entitlement to compensation.  She filed a motion for a decision dismissing the petition.

Upon a careful review of the existing records, it appears unlikely that petitioner would have been able to establish entitlement to compensation.  However, there is objective evidence that petitioner received the vaccinations and that she developed many of the symptoms at issue.  Her expert's two reports and cited literature provide additional support for pursuing vaccine causation.  Absent specific objections from the respondent, I find that the claim was supported by reasonable basis throughout its pendency.  Therefore, petitioner should be awarded reasonable attorneys' fees and costs.

### IV.    Reasonable Attorneys' Fees and Costs

#### A.  Hourly Rate

Petitioner requests that her attorney, Mr. Robert Krakow, be compensated at a rate of $413.00 per hour for work performed in 2015, $425.00 in 2016, $435.00 in 2017, $450.00 in 2018, and $464.00 in 2019.  Fees App., Attachment 2 at 22.

Mr. Krakow has previously been awarded these rates.  *See, e.g.*, *Lubin v. Sec'y of Health & Human Servs.*, No. 17-1147V, 2019 WL 4911070 (Fed. Cl. Spec. Mstr. May 17, 2019); *Hodkinson v. Sec'y of Health & Human Servs.*, No. 14-660V, 2018 WL 6819550 (Fed. Cl. Nov. 27, 2018); *Mann v. Sec'y of Health & Human Servs.*, No. 15-813V, 2017 WL 6206209 (Fed. Cl. Spec. Mstr. April 18, 2017).  Additionally, these rates are within the range deemed to be reasonable for attorneys with Mr. Krakow's level of experience within the Vaccine Program.[3]  Upon review, I find that these rates are reasonable and should be awarded in the present case as well.

---

[3] Office of Special Masters – Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914.

### B.  Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant or otherwise unnecessary.  *See Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1521 (Fed. Cir. 1993).  A line-by-line evaluation of the invoiced hours is not required; instead I may rely on my experience to evaluate the reasonableness of the hours expended.  *Wasson*, 24 Cl. Ct. at 484.  Petitioner requests a total of $88,127.75 in attorneys' fees for 214.5 hours of work performed by Mr. Krakow. I find the billing hours to be adequately documented and generally reasonable.  **Accordingly, petitioner is awarded attorneys' fees in the amount of $88,127.75.**

### C.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement for costs must be reasonable.  *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).  Petitioner requests a total of $14,169.33 in costs.  This includes the costs of obtaining petitioner's medical records, shipping, postage, photocopying, and the filing fee.  These costs are typical for the Vaccine Program and are adequately documented.  *See generally* Pet. Fees App., Attachment 4.

The most significant cost is for petitioner's expert, Dr. Svetlana Blitshteyn, who billed $400.00 per hour for 31.0 hours of work, for a total request of $12,400.00.  Pet. Fees App., Attachment 4 at 15.  This hourly rate for Dr. Blitshteyn has been found to be reasonable in past cases.  *See, e.g., Carey v. Sec'y of Health & Human Servs.,* No. 16-828V, 2018 WL 1559805 (Fed. Cl. Spec. Mstr. Feb. 26, 2018); *Turkupolis v. Sec'y of Health & Human Servs.,* No. 10–351V, 2015 WL 393343 (Fed. Cl. Spec. Mstr. Jan. 9, 2015).  Based on my own review of her qualifications and the reports submitted in this case, I find no cause to award a lower rate.  In addition, her invoice is sufficiently itemized and detailed.  The hours expended are generally reasonable.  **Accordingly, petitioner is awarded attorneys' costs in the amount of $14,169.33.**

### V.  Conclusion

In accordance with the foregoing, petitioner's application for attorneys' fees and costs is **GRANTED.  Accordingly, the following is awarded:**

1) **A lump sum in the amount of $102,297.08, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and her counsel, Robert Krakow.[4]**

---

[4] These amounts are intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered.  Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.* 924 F.2d 1029 (Fed. Cir. 1991).

In absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[5] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).